UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARRELL ROGERS, individually,
and on behalf of all others similarly situated,

     Plaintiff,

vs.                             Case No. 1:18-cv-02128

LUMINA SOLAR, INC.

     Defendant.

_____/

## JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**and incorporated**

## MEMORANDUM OF LAW

Plaintiff, Darrell Rogers, individually and on behalf of the Settlement Class defined herein (hereinafter "Plaintiffs"), and Defendant, Lumina Solar, Inc. (hereinafter "Defendant") (collectively the "Parties"), hereby move the Court for entry of an order preliminarily approving the Settlement Agreement (hereinafter "Agreement" attached as Exhibit 1) and Notice of Class Action Settlement (hereinafter "Class Notice," attached as Exhibit 1-B), agreed to by the Parties in this matter.  In support of this Motion, the Parties state as follows:

## I.    SUMMARY OF THE LITIGATION

1)    Plaintiff brought this action, individually and on behalf of a group of similarly situated persons, alleging that Defendant violated the Telephone Consumer Protection Act (TCPA), and the regulations promulgated under the TCPA, by using an automatic telephone dialing system to send text message advertisements promoting its solar energy business to Plaintiff and members of the Settlement Class, without obtaining prior express written consent.

2)      Specifically, Plaintiff has alleged that Defendant sent text message advertisements without first obtaining a written agreement signed by the person or entity being texted that states: "By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice."  47 C.F.R. 64.1200(f)(8).

3)      Defendant denies these allegations, denies all liability for the claims made in the litigation, and further denies violating the TCPA and the regulations promulgated under the TCPA.

4)      Following extensive discovery on Plaintiff's allegations, including the exchange of documents, preparation and responses to requests for production of documents, interrogatories, and the service of subpoenas on a relevant third party, the Parties have determined and stipulated, solely for the purposes of settlement, that Defendant successfully sent text message advertisements to 2,488 persons and/or entities, between July 2, 2018, and September 20, 2018 ("Lumina Solar Text Message Advertisements").  *See* Bennett Decl. at ¶¶ 4-5  (Exhibit 2).

5)      At the same time, the Parties engaged in months-long, arms' length negotiations for a comprehensive resolution of this litigation.  This proposal that resulted from those negotiations consists of the creation of a $248,800.00 settlement fund from which claims, administration costs, attorneys' fees, and an incentive award to the named plaintiff would be paid.

6)      The Parties have agreed to a resolution of all claims brought against the Defendant in this action, as set forth in the attached Agreement.

7)      The Parties submit that the attached Agreement constitutes a fair, reasonable, and adequate resolution for the Plaintiff and the Settlement Class, pursuant to Rule 23(e)(2), Federal Rules of Civil Procedure, and that the terms of the resolution, as set forth in the attached Agreement, are in the best interests of the Parties and the public.

8)      The Parties therefore request that the Court enter an order (1) granting preliminary approval of the proposed settlement as set forth in the attached Agreement; (2) preliminarily certifying the proposed settlement class pursuant to Federal Rule of Civil Procedure 23(b)(3); (3) directing that members of the settlement class be given notice of the pendency of this action and the proposed settlement in the form and manner proposed by the Parties in the attached Agreement (Exhibit 1) and Class Notice (Exhibit 1-B); and (4) scheduling a hearing at which the Court will consider final approval of the settlement and entry of the attached Agreement.

9)      A proposed preliminary order approving settlement and ordering the Class Notice to be transmitted to each member of the Settlement Class, in the form and manner proposed by the Parties, is attached as Exhibit 1-A (proposed preliminary order), for the Court's convenience and consideration.

## II.      <u>OUTLINE OF PROPOSED SETTLEMENT</u>

### A.      The Settlement Class

The proposed settlement has been reached on behalf of the "Settlement Class," which is defined as follows:

> All persons who were sent one or more Lumina Solar Text Message Advertisements.

> Excluded from the Settlement Class are Defendant, any parent, subsidiary, affiliate or controlled person of Defendant, as well as the officers, directors, agents, servants or employees of Defendant and the immediate family members of such persons, the named counsel in this

litigation, and any member of their office and/or firm.  The identities of these Settlement Class members have been successfully identified by Blue Dolphin Media, Inc., who successfully sent the text messages on the Defendant's behalf to 2,488 telephone numbers.  The identities of the Settlement Class members shall be given to the Settlement Administrator, for purposes of class administration only.

      **B.**     **Benefits to Class Members**

Defendant, solely for the purposes of settlement and without admitting or conceding any fault, wrongdoing or liability, and in order to avoid the inconvenience and expense of further litigation, has agreed to make available $248,800.00 to settle this case on a claims-made basis (hereinafter "Settlement Fund").  A class member must submit a timely and valid proof of claim form, which is attached to the Class Notice, in order to receive a share of the Settlement Fund. The Settlement Administrator will mail each member of the Settlement Class who submits a timely and valid proof of claim form a *pro rata* distribution of all amounts remaining in the Settlement Fund, not to exceed $100.00, after the deduction of fees and costs as outlined below.

      **C.**     **Notice**

The Parties have agreed that, within fourteen (14) days of preliminary approval of the attached Settlement Agreement (Exhibit 1) and Class Notice (Exhibit 1-B) by the Court, the Settlement Administrator will send the Class Notice by email to the email addresses of the Settlement Class members.  The Class Notice contains a proof of claim for to be returned by Settlement Class members in order to qualify for payment, directs Settlement Class members to a website application where they can alternatively submit a proof of claim form in order to qualify for payment, and provides contact information for toll-free customer service support.  The Settlement Administrator will send the Class Notice on a postcard by U.S. Mail to the last known

address of any Settlement Class member who does not have an email address, or whose email address is unknown or not valid, or where the email is not received.  Settlement Class members will have sixty (60) days from the date the Class Notice is sent to return the proof of claim form, file objections, or opt out of the settlement.

> ### D.    Release of Claims

Subject to final approval by the Court, all members of the Settlement Class, who do not opt out of the proposed Settlement Class as required in the Class Notice, for and in consideration of the terms and undertakings outlined in the attached Agreement (Exhibit 1), the sufficiency and fairness of which are acknowledged, release and forever discharge Defendant (and each of its current and former parents, subsidiaries, affiliates, controlled companies, officers, directors, managers, shareholders, members, partners, employees, predecessors, successors, assigns, agents and attorneys) from any and all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses, and costs, whether known or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, that have been, could have been, or in the future might be asserted, that arise out of or relate to the sending of the 2,488 text messages described above, including, but not limited to, the claims asserted in the Litigation.

> ### E.    Incentive Award and Attorneys' Fees

Subject to final approval by the Court, the Parties have agreed that Plaintiff will be awarded $5,000.00 from the Settlement Fund as compensation for his role as Class Representative.  Subject to final approval by the Court, the Parties have further agreed that Class Counsel will be awarded an amount equal to sixteen percent (16%) of the Settlement Fund ($39,808.00), inclusive of attorneys' fees and reasonable out-of-pocket expenses.  Defendant

consents to and has agreed not to object to a request for these amounts, and has agreed not to appeal any award that does not exceed these amounts.

### F.   Court Adoption and Jurisdiction

The attached Agreement is contingent upon entry of an order giving approval to the terms of this Agreement.  If the Court refuses to grant approval and/or modifies any of the terms of the Agreement, or if the Court's Approval Order is reversed or materially modified on appeal, then the attached Agreement shall be terminated (unless the Parties agree otherwise in writing) and neither the fact that this Agreement was made nor any stipulation, representation, agreement or assertion made in the attached Agreement may be used against any Party.

The Parties further agree that the Court shall retain continuing jurisdiction over this matter and the Parties, including all members of the Settlement Class, the administration and enforcement of the attached Agreement, and the benefits to the Settlement Class.  Any dispute or controversy with respect to the interpretation, enforcement, or implementation of the attached Agreement shall be presented by motion to the Court.

### III.   PRELIMINARY COURT APPROVAL

### A.   The Agreement is Fair, Reasonable and Adequate

Rule 23(e), Federal Rules of Civil Procedure, requires judicial review and approval for any proposed settlement of claims brought on a class basis.  Review of a proposed class action settlement generally involves a two-step process:  preliminary approval and a fairness hearing. *See Manual for Complex Litigation, Fourth*, § 21.632 (West 2004).  First, the court reviews the proposed terms of settlement and makes a preliminary determination on the fairness, reasonableness and adequacy of the settlement terms.  *See id.*  Approval of a proposed settlement is a matter within the broad discretion of the district court.  *See Richardson v. L'Oreal USA, Inc.*,

2013 WL 3216061, *2 (D.D.C. Jun. 27, 2013) (quoting *In re Vitamins Antitrust Litig.*, No. 99-197, 1999 WL 1335318, at *5 (D.D.C. Nov. 23, 1999)). *See also Hubbard v. Donahoe*, 2013 WL 3943495, *2 (D.D.C. July 31, 2013) (same) (citing *Vista Healthplan v. Warner Holdings Co. III*, 246 F.R.D. 349, 357 (D.D.C. 2007)).

"The exercise of this discretion, however, is constrained by the 'principle of preference' favoring and encouraging settlements in appropriate cases." *In re Vitamins Antitrust Litig.*, 305 F.Supp.2d 100, 103 (D.D.C. 2004) (quoting *Pigford v. Glickman*, 185 F.R.D. 82, 103 (D.D.C. 1999)).  It is well established that there is an overriding public interest in settling and quieting litigation, particularly in the context of a class action.  *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977); *see also Newberg on Class Actions* § 11:41, at 87 (4th ed. 2002) ("The compromise of complex litigation is encouraged by the courts and favored by public policy."); *In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992) ("Public policy strongly favors the pretrial settlement of class action lawsuits").  Under the proposed Agreement, members of the Settlement Class who submit valid claims are <u>ensured</u> a significant benefit, as opposed to "the mere possibility of recovery at some indefinite time in the future."  *In re Domestic Air Transport*, 148 F.R.D. 297, 306 (N.D. Ga. 1993).

A trial court has a duty under Fed. R. Civ. P. 23(e) to make sure that a proposed settlement is "fair, adequate, and reasonable and not the product of collusion between the parties." *In re Vitamins Antitrust Class Actions*, 215 F.3d 26, 30 (D.C. Cir. 2000) (citations omitted). *Cf. United States ex rel. Schweizer v. Océ North Am., Inc.* 2013 WL 3776260, *8 (D.D.C. July 19, 2013).  Generally, a court should grant preliminary approval of a class action settlement if it appears to fall "within the range of possible approval" and "does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment

of class representatives or of segments of the class, or excessive compensation for attorneys." *Trombley v. Nat'l City Bank*, 759 F.Supp.2d 20, 23 (D.D.C. 2011) (quoting *Newberg on Class Actions*, § 11:25 (4th ed. 2010)).

Courts look to a number of factors in this analysis, including: "(1) whether the settlement is the result of arm's-length negotiations; (2) the terms of the settlement in relation to the strength of Plaintiffs' case; (3) the stage of the litigation proceedings at the time of settlement; (4) the reaction of the class; and (5) the opinion of experienced counsel." *Hubbard* at *2 (quoting *Vista Healthplan*, 246 F.R.D. at 360); *Schweizer, supra*, at *8 (same) (quoting *In re LivingSocial Mktg. & Sales Practice Litig.*, 2013 WL 1181489, *7 (D.D.C. Mar. 22, 2013)).

### a.   The Settlement is the Result of Arm's Length Negotiations

A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arms' length negotiations between experienced, capable counsel after meaningful discovery." *In re Vitamins Antitrust Litig.*, 305 F. Supp. 2d at 104 (quoting *Manual for Complex Litig.*, at § 30.42).   Here, the Settlement Agreement was executed after several months of extensive negotiations among experienced counsel, all of whom have devoted considerable time and effort to this litigation and settlement.   Accordingly, this Court should apply a presumption that the settlement reached by the Parties is fair and reasonable. *See Equal Rights Center v. Washington Metropolitan Area Transit Authority*, 573 F. Supp. 2d 205, 212 (D.D.C. 2008) (class action settlement presumed reasonable where the parties engaged in six months of vigorous negotiations and the litigation was contentious); *see also Reed v. General Motors Corp.*, 703 F.2d 170, 175 (5th Cir. 1983) ("[T]he value of the assessment of able counsel negotiating at arm's length cannot be gainsaid. Lawyers know their strengths and they know where the bones are buried."); *see also In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D.

330, 351 (N.D. Ohio 2001) ("[W]hen a settlement is the result of extensive negotiations by experienced counsel, the Court should presume it is fair."); *In re NASDAQ Market-Makers Antitrust Litig*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997) (citing *Manual for Complex Litigation, Third*, § 30.41 (West 1995)) ("Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval is granted.").[1]

> b.   *The Terms of Settlement Reflect the Strength of the Parties' Positions and the Risks of Continued Litigation*

The Parties have concluded that the proposed settlement is in the best interests of their respective clients and the Settlement Class as a whole, and strikes a reasonable balance between the benefits the Settlement Class will receive under this settlement, the fact that Defendant will vigorously oppose the claims asserted in the litigation if the settlement is not approved, and the attendant risks, costs, uncertainties and delays of litigation.

"The most important factor in the Court's evaluation of a proposed class action settlement is how the relief secured by the settlement compares to the class members' likely recovery had the case gone to trial." *Blackman v. District of Columbia*, 454 F. Supp. 2d 1, 9-10 (D.D.C. 2006). The benefits to the class members must be "considered in juxtaposition with the risks attendant to continued litigation of this matter." *Schweizer, supra*, at *12 (quoting *In re LivingSocial Mktg.*, 2013 WL 1181489, at *9). Here, the settlement should be approved because

---

[1] Plaintiff's counsel further represent that, consistent with controlling law and the ethical standards promulgated by the District of Columbia Bar, no plaintiff's attorney has requested or been offered any compensation, appointment, or benefit by defendant during negotiations related to the settlement of this case other than the proposed attorneys' fees and costs outlined above, which are subject to court approval.

both Parties recognize the substantial risks of proceeding with the litigation, and the costs in doing so.  The parties have extensively analyzed the strengths and weaknesses of their respective positions and the risks, time, and costs of continued litigation.  The relief of up to $100.00 to every Class Member who submits a timely and complete claims form that is verified and approved included in the Settlement Agreement is considerable and there is a material risk that continued litigation would result in a less favorable outcome for the Class Members or increased liabilities for Defendant.

While Plaintiff and Class Counsel believe that the violations of the TCPA alleged in this matter are clear, and are confident in the merits of their claims, both Plaintiff and Class Counsel acknowledge that litigation is inherently unpredictable, and that any adverse ruling on legal issues raised by the Defendant during the litigation of this matter, including, but not limited to, the propriety of class certification, legal standing of the Class Representative, and the proper interpretation and effect of the TCPA's implementing regulations, would functionally deny the class any and all relief.

As a result of the discovery described above, both Class Counsel and counsel for Defendant had ample foundation upon which to evaluate the proposed settlement.  Each party, therefore, possessed the necessary information to evaluate the strengths and weaknesses of their respective cases in order to discuss settlement effectively.  Armed with this information, the Parties were able to reach the present settlement only after extensive discovery, lengthy settlement discussions, and further negotiations over settlement terms and language.  As such, the Parties jointly assert that the uncertainty of these legal issues necessitates resolution, and that the attached Agreement represents a fair, reasonable, and adequate resolution that is in the best interests of all Parties and the Settlement Class.

c.   _Settlement was only Reached after Meaningful Litigation and Negotiation_

Settlement should come at a time when counsel has "sufficient information to adequately assess the risks of [continued] litigation." *In re Lorazepam*, 2003 WL 22037741, at *5; *see also Meijer, Inc. v. Warner Chilcott Holdings Co. III, Ltd.*, 565 F. Supp. 2d 49, 57-58 (D.D.C. 2008). Here, this settlement was reached after there has been more-than-sufficient factual development in this case to allow Class Counsel to make a meaningful decision as to settlement.  Plaintiff's counsel was provided with sufficient discovery to make an informed assessment of the size and scope of the class.  Each Party therefore possessed the necessary information to evaluate the strengths and weaknesses of their respective cases in order to discuss settlement effectively.

d.   _The Parties' Counsel Believe That The Settlement Is Fair And Reasonable_

The opinion of experienced counsel "should be afforded substantial consideration by a court in evaluating the reasonableness of a proposed settlement." *In re Lorazepam*, 2003 WL 22037741 at *6; *see also Radosti*, 717 F. Supp. 2d at 57.  Counsel for the class have substantial experience litigating TCPA class actions, and significant experience litigating class action matters of similar size, scope, and complexity to the instant action.  *See* Exhibit 2, Bennett Decl. at ¶¶ 8-9.  Counsel strongly believe and represent that, given the risks attendant to further litigation, the terms of the proposed settlement are fair and reasonable and in the best interest of the class.  *See Equal Rights Center*, 573 F. Supp. 2d at 213.  *Id*. at ¶¶ 10-11.

In the opinion of counsel, the attached Agreement provides Settlement Class Members who submit a valid and timely claim that is verified and approved with a substantial monetary recovery equal to up to $100.  The $100.00 payable to such Settlement Class Members equals or exceeds amounts approved by courts in analogous TCPA cases, and should be similarly approved here.  *See, e.g., Wojcik v. Buffalo Bills, Inc.*, Case No. 8:12-cv-2414-T-23TBM (M.D.

Fla. Aug. 25, 2014) (each class member received store credit usable at the defendant's retail store and valued between $57.50 and $75.00); *Marvin Bondhus, MD, et al. v. Henry Schein, Inc.*, Case No. 14-22982-cv-Torres (S.D. Fla. May 18, 2016) (approving TCPA settlement providing for $100.00 in store credit per class member to be used to acquire surgical and medical supplies); *Knutson v. Schwan's Home Serv.*, 2014 U.S. Dist. LEXIS 99637 (S.D. Cal. 2014) ($20 per class member); *Kramer v. B2Mobile*, 10-CV-2722-CW (N.D. Cal.) ($100 per class member subject to pro rata reduction)[2]

In the opinion of counsel, the Court should make a preliminary finding that the attached Agreement is fair, reasonable and adequate when the benefits to Settlement Class Members described above are weighed against the cost and uncertainty of future, protracted litigation

---

[2] The incentive award that is payable to the Class Representative and legal fees and Class Counsel are similarly in line with those awarded by courts in analogous class action and TCPA cases.   Plaintiff's incentive award promotes a public policy of encouraging individuals to undertake the responsibility of representative lawsuits, reflects the time, cost, and effort that he has committed to this matter in order to bring relief to the class, and represents a significant reduction when compared to similar incentive awards in TCPA cases.  *See, e.g., Benzion v. Vivint, Inc.*, No. 12-cv-61826-WJZ, 2015 U.S. Dist. LEXIS 179532 (S.D. Fla. Feb. 23, 2015) (ECF No. 201) (awarding $20,000 incentive award in TCPA class settlement)*; Goans Acquisition, Inc. v. Hard Wok Cafes, Inc. d/b/a Wok & Roll*, No. 0931-cv-17797 (Mo. Cir. Aug. 1, 2013) (approving $12,500 incentive award for class representative in TCPA facsimile class action); *Gutierrez, et al. v. Barclay's Group, et al.*, 2012 U.S. Dist. LEXIS 190049 (S.D. Cal. Mar, 12, 2012) (approving $10,000 incentive award for class representative in TCPA class action); *Ira Holtzman, C.P.A. & Associates Ltd. v. Turza*, 728 F.3d 682, 690 (7th Cir. 2013), *cert denied*, 134 S. Ct. 1318 (2014) (describing a $7,500 incentive award as a "disincentive" award and likely inadequate).

Similarly, the amount payable to Class Counsel as reimbursement for its fees and costs, sixteen percent (16%) of the Settlement Fund, is on the low end of the standard in similar class settlements.  *See, e.g., Little v. Wash. Metro. Area Transit Auth.*, Case No. 14-1289 (RMC), 313 F. Supp. 3d 27, 34-35 (D.D.C. 2018) ("'Fee awards in common-fund cases may range from fifteen to forty-five percent'") (quoting *Wells v. Allstate Ins. Co.*, 557 F. Supp. 2d 1, 6 (D.D.C. 2008)); *Goans Acquisition, Inc.*, Case No. 0931-cv-17797 (approving class counsel award of one-third of settlement fund ($2,076,666.66) in TCPA facsimile case); *see also Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261 (D.C. Cir. 1993); *In re Dep't of Veterans Affairs (VA) Data Theft Litig.*, 653 F. Supp. 2d 58 (D.D.C. 2009).

regarding Plaintiff's claims.  As noted above, the Defendant has indicated that it will vigorously oppose the claims asserted in this Action if the attached Agreement is not approved, and Plaintiff and Class Counsel have carefully considered the risks inherent to litigation and the defenses available to Defendant in agreeing to the benefits described herein.

**B.      The Proposed Settlement Class Should be Conditionally Certified**

A class may be certified "solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue."  *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 618-20 (1997).  In conditionally certifying a class for the purposes of settlement, the district court need not inquire whether the case, if tried, would present intractable management problems, but must still make a finding that the plaintiff has established the criteria set out in Rule 23(a), Federal Rules of Civil Procedure, and at least one of the subsections of Rule 23(b).  As set forth below, the proposed Settlement Class in this matter satisfies each of the prerequisites for certification, and the Settlement Class should be conditionally certified for settlement purposes.

*a.      Numerosity*

Rule 23(a)(1), Federal Rules of Civil Procedure, requires that the class be "so numerous that joinder of all members is impracticable."  "The general rule is that a plaintiff need not provide the exact number of potential class members in order to satisfy this requirement.  *Bynum v. District of Columbia*, 214 F.R.D. 27, 32-33, 2003 U.S. Dist. LEXIS 4797, *12-13 (D.D.C. 2003) (citing *Kifafi v. Hilton Hotels Retirement Plan*, 189 F.R.D. 174, 176 (D.D.C. 1999) ("So long as there is a reasonable basis for the estimate provided, the numerosity requirement can be satisfied without precise numbers."); (other citations omitted)).  "Generally speaking, courts have

found that a proposed class consisting of at least forty members will satisfy the impracticability requirement. *Id.* at 32 (citations omitted).

Here, the Settlement Class as proposed satisfies the numerosity requirement. Based upon Class Counsel's extensive investigation and information obtained during discovery, the Parties have agreed for the purposes of settlement that 2,488 phone numbers were sent text messages by Blue Dolphin Media, Inc. promoting Defendant's home solar energy products and services from July 2, 2018, through September 20, 2018. As such, and in line with the law cited above, joinder of all Persons associated with those unique fax numbers would be impracticable, and the numerosity requirement is satisfied. *See Bynum* at 32-33.

b.    *Commonality*

The second requirement is that "there are common questions of law or fact common to the class." Rule 23(a)(2), Fed. R. Civ. Pro. Traditionally, "the commonality inquiry focuses on what characteristics are shared among the whole class." *Alvarez v. Keystone Plus Constr. Corp.*, 303 F.R.D. 152, 161, 2014 U.S. Dist. LEXIS 50303, *19, 2014 WL 1400846 (D.D.C. 2014) (internal quotation marks and citation omitted). It is Plaintiff's position that "[t]he commonality test is met when there is at least one issue, the resolution of which will affect all or a significant number of the putative class members, such that factual variations among the class members will not defeat the commonality requirement, so long as a single aspect or feature of the claim is common to all proposed class members." *Id.* at *17 (internal quotation marks and citations omitted). Ultimately, the "burden to meet the commonality requirement of Rule 23(a) is relatively light." *Napoles-Arcila v. Pero Family Farms, LLC*, 2009 WL 1585970, *6 (S.D. Fla. Jun. 4, 2009) (*citing Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 (11th Cir. 2009)).

The Parties, solely for the purposes of settlement, maintain the commonality element is satisfied here because the questions of law and fact refer to standardized conduct by Defendant towards Plaintiff and members of the Settlement Class.  *See In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. at 687 (holding that commonality is satisfied when "defendants have engaged in a standardized course of conduct that affects all class members.").  The Settlement Class includes all persons who were sent one or more Lumina Solar Text Message Advertisements.  Thus, the remaining issues of law – whether sending the text messages violated the TCPA and its implementing regulations and whether Defendant is liable for them – are common to all Settlement Class Members.

   c. *Typicality*

The third requirement is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Rule 23(a)(3), Fed. R. Civ. Pro.  "Typicality requires that the claims of the representative be typical of those of the class and often overlaps with the commonality inquiry, as each seeks to determine the practicality of proceeding with a class action and the extent to which the plaintiffs will protect the interests of absent class members."  *Alvarez* at *18-19 (internal quotations and citations omitted).  "[T]he typicality requirement is satisfied if each class member's claim arises from the same course of events that led to the claims of the representative parties and each class member makes similar legal arguments to prove the defendant's liability."  *Id.*  Here, as discussed above in the context of commonality, the claims, legal theories, interest, and alleged suffered injury of the named Plaintiff and the proposed Settlement Class are identical.  The Plaintiff and Settlement Class Members received the same text message, in alleged violation of the TCPA.  Thus, the typicality requirement is fully satisfied.

d.     *Adequacy of Representation*

The final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class."  Rule 23(a)(3), Fed. R. Civ. Pro.  "The adequacy requirement is satisfied upon a showing that (1) there is no conflict of interest between the proposed class representative and other members of the class, and (2) the proposed class representative will vigorously prosecute the interests of the class through qualified counsel." *Alvarez* at *20.

With regards to the Class Representative, the Parties agree, solely for the purposes of settlement, that Plaintiff has standing to bring an action for violation of the class members' rights protected by the TCPA and has no interest antagonistic or in conflict with the interests of the proposed Settlement Class members it seeks to represent.  Plaintiff and all of the Settlement Class Members share a common goal in recovering statutory damages for the TCPA violations alleged in this matter.  *Id.*  Moreover, Plaintiff fully understands its fiduciary role when serving as a representative of others in a class action, has contributed significant time and resources to this matter, and has, and will continue to, follow through with his obligations as Class Representative. *Id.*

Similarly, proposed Class Counsel are all qualified, well-respected members of the legal community who have significant experience litigating class action matters of similar, size, scope, and complexity to the instant action.  *See* Exhibit 2, Bennett Decl. at ¶¶ 8-9.  Class Counsel have previously litigated complex, statutory issues in federal court, have performed extensive research and are familiar with the legal and factual issues raised in this litigation, and have the personnel and resources to conduct litigation of this nature.  *See id.*  Throughout this litigation, Class Counsel have diligently investigated, prosecuted, and devoted substantial time and resources to

Plaintiff's and the Settlement Class's claims, and will continue to do so throughout the pendency of this action.  *See id.*

### C.     Federal Rule of Civil Procedure 23(b)(3)

Federal Rule of Civil Procedure 23(b)(3) permits class certification if the court finds that the questions of law and/or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  *See* Rule 23(a)(3), Fed. R. Civ. P.  To be certified under Rule 23(b)(3), an action must satisfy both the predominance and superiority requirements.  *See Wm. Wrigley Jr. Co.*, 2010 U.S. Dist. LEXIS 67832 at *14.

### a.     Predominance

The Rule 23(b)(3) requirement inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation."  *Amchem*, 521 U.S. at 594.  In order to satisfy this requirement, the named plaintiff must establish that the issues subject to generalized proof in the class action, and thus applicable to the class as a whole, predominate over those issues that are subject only to individualized proof.  *See Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir. 1997).  Common issues of law and fact predominate "if they have a direct impact on every class member's effort to establish liability and on every class member's entitlement to injunctive and monetary relief."  *Klay v. Humana, Inc.*, 382 F.3d 1241, 1255 (11th Cir. 2004) (*quoting Ingram v. Coca–Cola Co.*, 200 F.R.D. 685, 699 (N.D. Ga. 2001), *abrogated in part on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008)).

The Parties agree, solely for the purposes of settlement, that predominance is satisfied here, in the settlement context, because the claims of both the Class Representative and the members of the Settlement Class all arise from Defendant's uniform conduct applicable to the

Settlement Class as a whole. The Parties have limited membership in the Settlement Class to only those persons and/or entities who were sent one or more Lumina Solar Text Message Advertisements.  As such, predominance has been satisfied.  *See Wm. Wrigley Jr. Co.*, 2010 U.S. Dist. LEXIS 67832 at *14-15 ("Applying this [predominance] standard to the action, the Court finds that all of the claims of the named Plaintiff and the Proposed Class are based on the same legal theories <u>and the same uniform advertising</u>.  Therefore, common issues substantially predominate over any individual issues.") (emphasis added).

       *b.*    *Superiority*

The focus of Rule 23(b)(3)'s superiority analysis is on "the relative advantages of a class action suit over whatever other forms of litigation might be realistically available to the plaintiffs." *Manno,* 289 F.R.D. at 690 (*quoting Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1183-84 (11th Cir. 2010)).  The "purpose of the superiority requirement is consistent with the overall goals of Rule 23, which is to assure that the class action is the most efficient, effective and economic means of settling the controversy." *Walco Investments, Inc. v. Thenen*, 168 F.R.D. 315, 337 (S.D. Fla. 1996) (citations omitted).  "In many respects, the predominance analysis has a tremendous impact on the superiority analysis for the simple reason that, the more common issues predominate over individual issues, the more desirable a class action lawsuit will be as a vehicle for adjudicating the plaintiffs' claims." *Wm. Wrigley Jr. Co.*, 2010 U.S. Dist. LEXIS 67832 at *15 (citing *Klay v. Humana, Inc.*, 382 F.3d 1241, 1269 (11th Cir. 2004)).

Here, the Parties agree, solely for the purposes of settlement, that a class action will be superior to all other methods for fairly and efficiently adjudicating this controversy because "the proposed class members' claims are predicated <u>on a common set of facts and concern the same</u>

product and advertising." *Wm. Wrigley Jr. Co.*, 2010 U.S. Dist. LEXIS 67832 at *15 (emphasis added). Moreover, the interest of the Settlement Class Members in individually controlling the prosecution of separate actions is low, due to the statutory nature of the potential damages and the amount of each individual class member's damages. *See id.* ("Moreover, if the Proposed Class is not certified, it is likely that potential class members would lack incentive to pursue their claims individually due to the small awards involved.").

**D.      Class Notice Meets the Requirements of Rule 23(c)(2)(B) and Should be Approved**

"If the court preliminarily approves the settlement, it must direct the preparation of notice of the certification of the settlement class, the proposed settlement and the date of the final fairness hearing." *Manual for Complex Litigation, Fourth,* § 21.632-21.635 (West 2004); *see also* Fed. R. Civ. P. 23(e)(1) ("The court must direct notice in a reasonable manner to all class members who would be bound by the [proposed settlement, voluntary dismissal, or compromise]."); Fed. R. Civ. P. 23(c)(2)(B) (setting forth the requirements for notice). The standard for the adequacy of a settlement notice in a class action is measured by reasonableness. *See Faught*, 668 F.3d at 1239. "There are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements; the settlement notice must fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 114 (2d Cir. 2005) (*quoting Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1982)).

The attached, proposed Class Notice submitted by the Parties clearly meets this reasonableness standard in all respects. The class notice in this case will be sent to class members in the first instance via email addresses identified by the Plaintiff through discovery.

*See* Rule 23 (c)(2)(B), Federal Rules of Civil Procedure ("The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means.").  Notice will also be sent via U.S. Mail to class members who are unable to successfully receive notice via email.  Moreover, the attached Class Notice (1) describes the nature and status of the litigation; (2) sets forth a clear definition of the proposed Settlement Class; (3) sets forth the basic terms of the proposed Agreement; (4) advises members of the proposed Settlement Class of the appropriate methods to either submit a claim form, opt-out, or object to the proposed Agreement; (5) informs members of the proposed Settlement Class of the identities of the Class Representative, Class Counsel, and the awards that each has applied for in this case; and (6) provides members of the proposed Settlement Class with contact information for both Class Counsel and the Settlement Administrator.

In granting preliminary settlement approval, the Court should also therefore approve the Parties' proposed form and method of providing notice to members of the proposed Settlement Class, as set forth in the attached Class Notice (Exhibit 1-B).

### IV.   CONCLUSION

WHEREFORE, for all of the foregoing reasons, the Parties jointly request the Court's entry of an Order:

(1) granting preliminary approval of the proposed settlement as set forth in the attached Agreement (Exhibit 1);

(2) conditionally certifying the proposed Settlement Class, for the purposes of settlement, pursuant to Rule 23(a) and (b)(3), Federal Rules of Civil Procedure;

(3) directing that members of the Settlement Class be given notice of the pendency of this action and the proposed settlement in the form and manner proposed by the Parties in the attached Agreement (Exhibit 1) and Class Notice (Exhibit 1-B);

(4) appointing plaintiff Darrell Rogers as Class Representative;

(5) appointing undersigned Plaintiff's counsel as Class Counsel pursuant to Rule 23(g), Federal Rules of Civil Procedure;

(6) scheduling a Final Fairness Hearing, at which time the Court will consider final approval of the settlement and final entry of the attached Agreement; and

(7) providing such other and further relief as the Court deems just and reasonable.

Respectfully submitted:

Shawn A. Heller, Esq.
D.C. Bar No. 985899
shawn@sjlawcollective.com
Social Justice Law Collective, PL
974 Howard Avenue
Dunedin, FL 34698
Tel: (202) 709-5744
Peter Bennett
D.C. Bar No. 1016919
peterbennettlaw@gmail.com
Bennett & Bennett
1200 Anastasia Ave., Ofc 360
Coral Gables, Florida 33134
Tel: (305) 444-5925

By: /s/ *Shawn A. Heller*
        Shawn A. Heller, Esq.
        *Attorneys for Plaintiff*

Martin Bryce, Esq.
*Pro Hac Vice*
Pennsylvania Bar No. 59409
Bryce@ballardspahr.com

Ballard Spahr, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599

By: /s/ *Martin Bryce*
      Martin Bryce, Esq.
      *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, on this 23rd day of August, 2019, which will send a notice of electronic filing to all attorneys of record.

By: /s/ *Shawn A. Heller*
      Shawn A. Heller, Esq.