## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into among Darrell Rogers (hereinafter "Plaintiff" or "Class Representative"), individually and on behalf of a settlement class of similarly situated persons (hereinafter "Settlement Class"), and Lumina Solar, Inc. (hereinafter "Defendant"). The parties to this Agreement are collectively referred to as the "Parties."

**WHEREAS**, Plaintiff, individually and on behalf of the Settlement Class, and Defendant, are parties to a civil action entitled *Darrell Rogers, et al. v. Lumina Solar, Inc.*, Case No. 1:18-cv-02128, pending in the United States District Court for the District of Columbia (hereinafter the "Litigation"); and

**WHEREAS**, Plaintiff, individually and on behalf of a class of similarly situated persons, alleged in his Complaint that Defendant violated the Telephone Consumer Protection Act ("TCPA"), and the regulations promulgated under the TCPA, by using an automatic telephone dialing system ("ATDS") when it sent Plaintiff and the putative class members text message advertisements in order to promote its solar energy business without obtaining Prior Express Written Consent; or by sending Plaintiff and other putative class members on the National Do-Not-Call Registry text message advertisements to promote its solar energy business without obtaining prior express invitation or permission evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed ("Requisite Do-Not-Call Permission"); and

**WHEREAS**, Defendant denies all liability for the claims made in the Litigation and further denies violating the TCPA, 47 U.S.C. § 227, and the regulations promulgated under the TCPA; and

---

**EXHIBIT 1**

**WHEREAS**, Plaintiff's attorneys have thoroughly investigated the relevant facts and researched the law relating to the Litigation, determining, among other things, that 2,488 phone numbers were sent text messages by Blue Dolphin Media, Inc. promoting Defendant's home solar energy products and services from July 2, 2018, through September 20, 2018 ("Lumina Solar Text Message Advertisements"); and

**WHEREAS**, without admitting or conceding any fault, wrongdoing or liability, and solely to avoid the inconvenience and expense of further litigation, Defendant has agreed to settle all claims, demands, and liabilities between Defendant, Plaintiff and the Settlement Class, including all claims that have been asserted, or could have been asserted, in the Litigation; and

**WHEREAS**, Defendant has agreed to make available, subject to paragraph 4 below, two hundred and forty-eight thousand and eight hundred dollars ($248,800.00) to fund the settlement, which shall be available to pay class members who submit valid claims as further defined herein, to pay fees and reasonable costs to Plaintiff's counsel (hereinafter "Class Counsel"), to pay an incentive award to Darrell Rogers as Class Representative, and to pay the costs of notifying the Settlement Class and administering the settlement through a third-party claims administrator (hereinafter the "Settlement Fund"); and

**WHEREAS**, Plaintiff and Class Counsel have concluded that the terms and conditions provided in this Agreement are fair, reasonable, adequate, and in the best interests of the Settlement Class as a means of resolving this Litigation, after considering (1) the benefits the Settlement Class will receive under this settlement; (2) the fact that Defendant has demonstrated that it will vigorously oppose the claims asserted in the Litigation if the settlement is not approved; and (3) the attendant risks, costs, uncertainties, and delays of litigation; and

2

**WHEREAS**, the Parties agree that the settlement reduced to writing in this Agreement was negotiated among the Parties in good faith and at arm's length, and constitutes a fair, reasonable, and adequate resolution for the Plaintiff and Settlement Class, pursuant to Rule 23(e)(2), Federal Rules of Civil Procedure; and

**NOW, THEREFORE**, the Parties stipulate and agree that the claims of Plaintiff and the Settlement Class should be and are hereby compromised and settled, subject to the Court's approval, upon the following terms and conditions:

1.   **Settlement**.  This Agreement is entered into to resolve in full all claims against the Defendant by Plaintiff and the Settlement Class that have been asserted, or could have been asserted, in the Litigation.  The assertions, statements, agreements and representations made herein are for purposes of settlement only and the Parties expressly agree that, if the settlement is not finally approved or rescinded pursuant to paragraph 18 hereof, this Agreement is null and void and may not be used by any of the Parties for any reason.

2.   **The Settlement Class**.  For purposes of settlement, the Parties agree to certify the following Settlement Class:

All persons who were sent one or more Lumina Solar Text Message Advertisements. Excluded from the Settlement Class are Defendant, any parent, subsidiary, affiliate or controlled person of Defendant, as well as the officers, directors, agents, servants or employees of Defendant and the immediate family members of such persons, the named counsel in this litigation, and any member of their office and/or firm.  The identities of these Settlement Class members have been successfully identified by Blue Dolphin Media, Inc., who successfully sent the text messages on Defendant's behalf to 2,488 telephone numbers.  The identities of the Settlement Class members shall be given to the Settlement Administrator, for purposes of class administration only.

3.      **Representation of the Settlement Class**.   The Parties agree that the Plaintiff, Darrell Rogers, may be appointed as the Class Representative, and that attorneys Peter Bennett of Bennett & Bennett, and Shawn A. Heller of the Social Justice Law Collective, may be appointed as Class Counsel.

4.      **The Settlement Administrator.** Defendant shall engage Class-Settlement.com, 20 Max Avenue, Hicksville NY 11801 (the "Settlement Administrator"), to serve as the Settlement Administrator and will charge no more than $5,850 for its services.   The Settlement Administrator will administer the Settlement Class notice, assist the class members in completing claim forms and payment of claims described below, receive the claim forms, and track and provide notice to the Parties for any individual or entity opting out of the Settlement Class.   The Settlement Administrator is empowered to respond to class members' inquiries for that purpose, and the Parties have the right to review and approve any scripts or template correspondence to be used by the Settlement Administrator for such purposes. The Settlement Administrator shall determine whether a Settlement Class Member has submitted a valid and timely Proof of Claim form. Claimants shall have no right to appeal this determination.   Only one claimant may recover for a particular telephone number and, in the event there are multiple claims for a single telephone number, the Settlement Administrator will determine which individual or entity is entitled to recovery.   The Settlement Administrator shall provide a list of accepted and rejected claims to counsel for the Parties at the request of any Party at any time during the administration process.   Upon request, the Settlement Administrator will provide copies of all claim forms and backup documentation and information to counsel for the Parties.   The Settlement Administrator is required to make all determinations regarding whether claims are approved within thirty (30) days of the deadline for claims to be submitted to the Settlement Administrator.

All fees and costs of the Settlement Administrator, including the costs associated with providing notice to the Settlement Class, shall be paid by Defendant out of the Settlement Fund as defined in paragraph 6 hereof.  The Settlement Administrator has provided Defendant with an estimate for the cost of administration, dated May 16, 2019, which shall be paid in its entity to the Settlement Administrator within seven (7) days of an Order Preliminarily Approving Class Action Settlement.  If the Court declines to preliminarily or finally approve the Agreement and either Party exercises its rescission right pursuant to the first sentence of paragraph 18 hereof, the Parties agree to divide and pay evenly the fees and costs of the Settlement Administrator including those incurred in providing any termination notice.  If Defendant exercises its rescission right as provided in the third sentence of paragraph 18 hereof, Defendant shall remain responsible for any costs of administration expended as of the date of termination as well as any additional costs, including those incurred in providing any termination notice, and if the Settlement Administrator determines that any refund is due from the funds advanced by Defendant for administration, those funds shall be returned to Defendant.

5.   **Preliminary Approval and Class Notice**.  Within fourteen (14) days of the execution of this Agreement, the Parties will file a joint motion for entry of an order preliminarily approving this settlement, certifying the Settlement Class, and approving Class Notice.  The Parties will request that the Court enter an "Order Preliminarily Approving Class Action Settlement and Approving Class Notice" in the form attached hereto as Exhibit A ("Preliminary Approval Order"), and a "Notice of Class Action Settlement with Attached Claim Form" in the form attached hereto as Exhibit B ("Class Notice").  If the Court declines to grant preliminary approval of the settlement and order notice with respect to the proposed Settlement Class, or if the Court declines to grant final approval to the foregoing after such notice and hearing, this Agreement will terminate as soon as the

Court enters an order unconditionally and finally adjudicating that this Agreement and settlement will not be approved.

6.      **The Settlement Fund**.  Defendant has agreed to make two hundred and forty-eight thousand and eight hundred dollars ($248,800.00) available to settle this case on a common fund basis (the "Settlement Fund").   Defendant is not required to place all or any portion of the Settlement Fund into a separate bank account.  Any portion of the Settlement Fund that is not paid to claiming class members, to the Class Representative, to Class Counsel, or to the Settlement Administrator shall revert to and be kept by Defendant.  Defendant shall not be responsible for any payments or obligations other than those specified in this Agreement.

7.      **Notice**.  The Parties will request that the Court approve the Class Notice, and request approval to send notice to the Settlement Class by email.  The Parties agree that, within fourteen (14) days of preliminary approval of this settlement and Class Notice by the Court, the Settlement Administrator will send the Notice by email to the members of the Settlement Class. The Settlement Administrator shall provide both Parties with a finalized copy of the Notice and Claim Form at least five (5) business days before notice is sent.

The Parties agree that the Settlement Administrator shall establish and oversee a settlement website ("Settlement Website"), made available to the Settlement Class on the date on which it sends Notice via email in the first instance, whereby Settlement Class members can alternatively submit a proof of claim in order to qualify for payment, and will disseminate a phone number for toll-free customer service support.  The content and final form of the website is subject to review by both Parties, and at least five (5) business days prior to the sending of Notice, the Parties shall have the opportunity to review the Settlement Website and reserve the right to make any objections thereto.

The Parties further agree that the Settlement Administrator shall send the Notice on a postcard by U.S. Mail to the last known address of any member of the Settlement Class who does not have an email address, or whose email address is unknown or not valid, or whose email "bounces back" or is returned as undeliverable. The Parties agree that members of the Settlement Class will have sixty (60) days from the date Notice is sent to return the proof of claim form, file objections, or opt out of the settlement.

8.      **CAFA Notices**. Within ten (10) days of filing this Settlement Agreement with the Court, Defendant's counsel will cause the notice of the settlement required by the Class Action Fairness Act, 28 U.S.C. § 1715(b), to be issued to the Attorney General for the United States, and any appropriate state authorities.

9.      **Proof of Claim**.  A class member must submit a timely and valid proof of claim form to receive a share of the Settlement Fund in the form attached hereto as Exhibit B.  The Settlement Administrator will mail each member of the Settlement Class who submits a timely and valid proof of claim form a *pro rata* distribution of all amounts remaining in the Settlement Fund, after the deduction of fees and costs as outlined in paragraph 13, below, not to exceed $100.00 for each class member.  Proof of claim forms will be due within sixty (60) days from the date Class Notice is sent, on or before the date stated on the Class Notice (hereinafter the "Claims Period").  Any member of the Settlement Class who does not submit a timely and valid proof of claim form to the Class Administrator by the expiration of the Claims Period will receive no monetary payment from the Settlement Fund.  Within ten (10) days after the expiration of the Claims Period, the Class Administrator will inform Defendant and Class Counsel of the total number of valid and approved claims submitted, and the total amount necessary to fund the payment of the valid and approved claims.

10.     **Rejected Proof of Claim Forms**.  The Settlement Administrator shall determine, in the first instance, whether a Class Member has submitted a valid and timely proof of claim form. The Settlement Administrator may assist class members in the completion of proof of claim forms and is empowered to respond to class members' inquiries for that purpose.   If the Settlement Administrator rejects a claim for any reason other than timeliness, it will provide the proof of claim form and reason for rejection to Class Counsel and counsel for Defendant.  Counsel for the Parties will have fourteen (14) days to dispute the reasons for the rejection, and to provide its reasoning for dispute in writing to the Settlement Administrator.  The ultimate determination of whether to reject or accept the claim will be made by the Settlement Administrator.  The Settlement Administrator shall notify in writing every claimant whose proof of claim form is rejected and identify the reason(s) for the rejection.  The claimant must either correct any error identified and re-file, or, if he wishes to dispute the rejection, must submit a signed, written notice contesting the rejection of the claim.  That written contest must be submitted and postmarked within fourteen (14) days from the postmark date of the rejection letter and mailed to the Settlement Administrator.   The final determination will be left to the Settlement Administrator.

11.     **Final Approval**.  The preliminary approval order will set a date for a final fairness hearing.  At the final fairness hearing, the Parties will request that the Court enter a Final Approval Order, in the form attached hereto as Exhibit C ("Final Approval Order").  The fact that the Court may require non-substantive changes in the Final Approval Order will not invalidate this Agreement or the settlement.

12.     **Effective Date**.  The "Effective Date" of this Agreement shall be the calendar date that is five (5) business days after the later of (a) the date on which the Court enters a Final Approval Order, dismissing with prejudice the claims of all Settlement Class members who do not

properly exclude themselves as provided in the Class Notice; or (b) if any Settlement Class member has objected to the settlement, the date on which the date for filing an appeal has expired or, if an appeal has been filed, the date on which the settlement and judgment has been affirmed in all material respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review.

13.    **Incentive Award and Attorneys' Fees**.  The Parties agree, subject to the Court's approval, that Plaintiff shall be awarded $5,000.00 from the Settlement Fund for his role as Class Representative and that Class Counsel shall be paid an amount equivalent to sixteen percent (16%) of the Settlement Fund ($39,808.00), inclusive of attorneys' fees and reasonable out-of-pocket expenses.  Defendant will not object to these payments, nor will Defendant appeal them.  The awarded amounts will be set forth in the Final Approval Order, and shall be paid from the Settlement Fund in accordance with paragraph 14, below.

14.    **Payment of Claims, Incentive Award and Class Counsel Fees**.  On the Effective Date, Defendant will pay to Plaintiff the attorneys' fees, costs and incentive award approved by the Court in its Final Approval Order, by certified check or wire transfer, to the Social Justice Law Collective, D.C. Bar Foundation IOTA Account, from which said funds will be disbursed.  In addition, on the Effective Date, Defendant, through the Settlement Administrator, shall create a non-interest bearing, demand deposit account (the "DDA"), at a bank or trust designated by the Settlement Administrator, to cover the presentment of settlement checks to Class Members.  The Settlement Administrator shall issue checks in the appropriate amounts to the Settlement Class members who submitted timely, valid claims, as identified in the Parties' submission to the Court at the Final Approval hearing.  Defendant, through the Settlement Administrator, will cause its bank or trust to promptly make funds available, as necessary, in the DDA to cover the presentment of

settlement checks.  Checks issued to the Settlement Class members will be void 181 days after issuance.  All amounts remaining in the DDA, including from such un-cashed checks after the void date, will revert back to the Defendant.  The Settlement Administrator shall provide the Parties a final accounting of the settlement payments within thirty (30) days after the reversion to the Defendant.

15.    **Releases**.  Subject to and effective upon entry of the Final Approval Order, all class members, including Plaintiff, who do not opt out of the proposed Settlement Class as required in the Class Notice (hereinafter the "Releasors"), for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, release and forever discharge Defendant (and each of its current and former parents, subsidiaries, affiliates, controlled companies, officers, directors, managers, shareholders, members, partners, employees, predecessors, successors, assigns, agents and attorneys) from any and all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses, and costs, whether known or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, that have been, could have been, or in the future might be asserted, that arise out of or relate to the sending of the 2,488 text messages described above, including, but not limited to, the claims asserted in the Litigation ("Released Claims").

16.    **Agreement Contingent Upon Entry of Final Approval**.  This Agreement is contingent upon entry of an order that contains the judgment giving final approval to the terms of this Agreement.  If the Court refuses to grant final approval of the terms of the settlement set forth herein, or if the Court's Final Approval Order is reversed or materially modified on appeal, then this Agreement shall be null and void and neither the fact that this Agreement was made nor any stipulation, representation, agreement or assertion made in this Agreement may be used against any

Party.

17.   **Notices**.   Requests for exclusion, objections to the Agreement or settlement, and

notices to the Parties or the Settlement Class shall be sent and/or copied to the Class Administrator

and counsel for the Parties as follows:

> Class-Settlement.com
> Attn.: Lumina Settlement
> 20 Max Avenue
> Hicksville, NY 11801
>
> Peter Bennett, Esq., Attorney for Plaintiff
> Attn.: Lumina Settlement
> Bennett & Bennett
> 1200 Anastasia Avenue, Office 360
> Coral Gables, FL 33134
>
> Martin Bryce, Esq., Attorney for Defendant
> Ballard Spahr, LLP
> 1735 Market Street, 51st Floor
> Philadelphia, PA 19103-7599

18.   **Right to Rescind.**   The Parties agree that they each shall have the right, but not the

obligation, to set aside or rescind this Agreement, if there are any modifications to this Agreement

made by the Court, or by any other court, or by any tribunal, agency, entity, or person that are not

approved or requested by all of the Parties; or if the Court opts not to approve any of the agreed to

terms contained herein.   The Parties agree that in the event that either Party exercises its right to set

aside or rescind this Agreement after Class Notice has been sent, a notice of termination shall be

sent to the Settlement Class within fourteen (14) days thereof.   The Parties further agree that

Defendant shall have the right, but not the obligation, to set aside or rescind this Agreement for any

reason by directing the Settlement Administrator to send a notice of termination of settlement to the

Settlement Class within fourteen (14) days after the expiration of the Claims Period.

19.   **Integration Clause**.   This Agreement contains the full, complete, and integrated

statement of each and every term and provision agreed to by and among the Parties and supersedes any prior writings or agreements (written or oral) between or among the Parties, which prior agreements may no longer be relied upon for any purpose. This Agreement shall not be orally modified in any respect and can be modified only by the written agreement of the Parties supported by acknowledged written consideration.

20.     **Headings**.  Headings contained in this Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning of this Agreement.

21.     **Binding and Benefiting Others**.  This Agreement shall be binding upon and inure to the benefit or detriment of the Parties and the Releasors, and to their respective agents, employees, representatives, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, heirs, executors, assigns, and successors in interest.

22.     **Representations and Warranties**.  The Parties each further represent, warrant, and agree that, in executing this Agreement, they do so with full knowledge of any and all rights that they may have with respect to the claims released in this Agreement and that they have received independent legal counsel from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts.  Each of the individuals executing this Agreement warrants that he or she has the authority to enter into this Agreement and to legally bind the party for which he or she is signing.

23.     **Governing Law**.  The contractual terms of this Agreement shall be interpreted and enforced in accordance with the substantive law of the District of Columbia, without regard to its conflict of laws and/or choice of law provisions.

24.     **Mutual Interpretation**.  The Parties agree and stipulate that this Agreement was negotiated on an "arm's-length" basis between parties of equal bargaining power.  This Agreement

has been drafted jointly by Class Counsel and counsel for the Defendant. Accordingly, this Agreement is not one of adhesion, is mutually created, and no ambiguity shall be construed in favor of or against any of the Parties.  Plaintiff and the Settlement Class acknowledges, but does not concede to or agree with, Defendant's statements regarding the merits of the claims, and Defendant acknowledges, but does not concede to or agree with, Plaintiff's statements regarding the merits of the claims.

25.    **No Admission of Liability**.  Defendant has agreed to the terms of this Agreement to end all controversy with Plaintiff and the Settlement Class and to avoid the burden, expense and uncertainty of litigation, without in any way acknowledging fault or liability.  Defendant has denied and continues to deny all charges of liability or wrongdoing by the Defendant or any of the Released Parties.  As a result, this Agreement may not be construed, in whole or in part, as an admission of fault or liability to any person by the Defendant or by any of the Released Parties, nor shall this Agreement or any part thereof be offered or received in evidence in any action or proceeding as an admission of liability or wrongdoing of any kind by the Defendant or any of the Released Parties.

26.    **Incorporation of Recitals**.    Each of the Recitals stated above are hereby incorporated into this Settlement Agreement as if stated fully herein.

27.    **Counterparts**.  This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument.  Facsimile and electronic signatures shall bind the Parties to this Agreement as though they are original signatures.

28.    **Severability**.  In the event any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such

invalidity, illegality, or unenforceability shall not affect any other provisions if the Parties and their counsel mutually elect by written stipulation to be filed with the Court within twenty (20) days to proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Agreement.

29.    **Continuing Jurisdiction**.  Without affecting the finality of the final judgment, the Court shall retain continuing jurisdiction over the Litigation and the Parties, including all members of the Settlement Class, the administration and enforcement of this Agreement and the settlement, and the benefits to the Settlement Class hereunder, including for such purposes as supervising the implementation, enforcement, construction, and interpretation of this Agreement; the order preliminarily approving the settlement, the Final Approval Order and final judgment, the award of fees and expenses, and the distribution of settlement proceeds to the Settlement Class.  Any dispute or controversies arising with respect to the interpretation, enforcement, or implementation of the Agreement shall be presented by motion to the Court.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed on the date set forth beside their respective signatures.

DATED: __8/21/19__

Darrell Rogers, on behalf of himself and the Settlement Class
**Plaintiff**

By: _Darrell Rogers_____
      Darrell Rogers, Esq.

DATED __8/21/2019__

Lumina Solar, Inc.
**Defendant**

By: _____

Joshua M. Goldberg, Executive Chairman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARRELL ROGERS, individually,
and on behalf of all others similarly situated,

      Plaintiff,

vs.                                   Case No. 1:18-cv-02128

LUMINA SOLAR, INC.

      Defendant.

_____/

**ORDER PRELIMINARILY APPROVING SETTLEMENT,
CERTIFYING SETTLEMENT CLASS, AND AUTHORIZING
<u>NOTICE TO THE SETTLEMENT CLASS</u>**

This matter coming before the Court on the Parties' Joint Motion for Preliminary

Approval of Class Action Settlement and incorporated Memorandum of Law (the "Joint

Motion"), and after review and consideration of the Settlement Agreement attached

thereto, and having been fully advised in the premises, IT IS HEREBY ORDERED and

adjudged as follows:

1.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the

settlement of this action, as embodied in the terms of the Settlement Agreement attached

to the Joint Motion, including all exhibits thereto, is preliminarily approved for the

purposes of settlement. The Court finds that the terms of the Settlement Agreement are

fair, reasonable and adequate, and well within the range of reasonableness for preliminary

settlement approval. The Court finds that the settlement is in the best interests of the

Settlement Class in light of the factual, practical, legal and procedural questions raised by

this case.

---

**EXHIBIT 1-A**

2.      By stipulation of the parties, and pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Court conditionally certifies the following Settlement Class, for settlement purposes only:

> All persons who were sent one or more Lumina Solar Text Message Advertisements.

The Parties have expressly agreed to this Settlement Class definition for settlement purposes.[1]

3.      The Court finds that this conditional class certification is appropriate because (a) the Settlement Class is so numerous that joinder of all members is impractical, (b) there are common questions of law and fact that predominate over any questions affecting only individual class members, (c) Plaintiff's claims are typical of the claims of the class, and (d) Plaintiff and his counsel will fairly and adequately protect the interests of the Settlement Class, and (e) a class action is the superior method for resolving this controversy, given the nature and small size of the class members' individual claims and their lack of interest in individually controlling the prosecution of separate actions, and that resolution on a class wide basis will promote judicial economy and efficiency.

4.      The Court further finds that this conditional class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3), because questions of law and/or fact common to members of the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

---

[1]   "Lumina Solar Text Message Advertisements" is defined by the Parties in the Settlement Agreement.

5. The Court appoints Darrell Rogers ("Plaintiff"), as the "Class Representative" for the Settlement Class, and appoints Plaintiff's attorneys (Peter Bennett of Bennett & Bennett, and Shawn A. Heller of the Social Justice Law Collective, PL) as "Class Counsel" for the Settlement Class.

6. In compliance with the Class Action Fairness Act 28 U.S.C. § 1715, Defendant shall serve written notice of the proposed settlement on the U. S. Attorney General and the state attorneys general.

7. The Settlement Agreement is incorporated by reference into this Order and is hereby preliminarily adopted as an Order of this Court.

8. The Settlement Agreement proposes notice to the Settlement Class in the form of Exhibit 1-B attached to the Joint Motion, and by email transmission to the email addresses of the Settlement Class members.  The Settlement Administrator shall send the Class Notice on a postcard by U.S. Mail to the last known address of any Settlement Class member whose Class Notice was not successfully transmitted.  The Court finds that the manner and substance of the proposed Class Notice is the best practicable notice under the circumstances and is reasonably calculated to apprise Settlement Class members of the pendency of this action and their right to object or to exclude themselves from the Settlement Class.  The Court further finds that the proposed Class Notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it satisfies the requirements of due process and Federal Rule of Civil Procedure 23.  The plan is thus approved and adopted.  The Court orders that the Parties provide the Class Notice to the Settlement Class within thirty (30) days following

entry of this Order, in the manner, form and substance as proposed by the Parties in the Settlement Agreement.

9.      The Court preliminarily appoints Class-Settlement.com as the Settlement Administrator, which shall provide notice and administer the settlement in accordance with the terms and conditions of the Settlement Agreement and this Order.

10.     All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the settlement.

11.     The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

12.     The Court hereby sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines and dates in the Class Notice:

(a)     Requests by any Settlement Class member to opt out of the settlement must be filed on or before _____, 20__, or be forever barred.  The Court shall rule on all requests for exclusion on, or before _____, 20__;

(b)     Any objections or motions to intervene shall be filed in this Court and postmarked and served on Class Counsel and Defendant's counsel on or before _____, 20__, or be forever barred; and

(c)     Memoranda regarding any objection or motion to intervene at the Final Fairness Hearing must be filed in this Court, and postmarked and served

on   Class   Counsel   and   Defendant's   counsel   on   or   before

_____, 2019, or be forever barred;

(d)   Joint   Motion   for   Final   Approval   must   be   filed   on   or

before_____, 20__.

13.   The Final Fairness Hearing, identified in the Class Notice, is hereby

scheduled  for  _____,  20__,  at  _____  am/pm,  in  Room

_____,  to  determine  whether  the  Settlement  Agreement  is  fair,  reasonable  and

adequate and should be approved.


**IT IS SO ORDERED**


Dated: _____          _____

                                    Judge Rosemary M. Collyer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARRELL ROGERS, individually,
and on behalf of all others similarly situated,

     Plaintiff,

vs.                              Case No. 1:18-cv-02128

LUMINA SOLAR, INC.

     Defendant.

_____/

**NOTICE OF CLASS ACTION,**
**PROPOSED SETTLEMENT, HEARING AND CLAIM FORM**

TO:  All persons who were sent one or more Lumina Solar Text Message Advertisements.

This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and by Order of the United States District Court for the District of Columbia (the "Court"). The purpose of this Notice is to inform you of a proposed Class Action Settlement in a case involving alleged receipt by certain entities and individuals of text message advertisements, generated by an automatic telephone dialing system, promoting Defendant's solar energy business to Plaintiff and members of the Settlement Class, without obtaining prior express written consent. This Notice explains the lawsuit, the proposed settlement (the "Settlement"), your legal rights, what benefits may be provided, and who will receive them.

Accompanying this Notice is a Proof of Claim form (the "Claim Form"), which you must fill out and send to the Settlement Administrator within the time limits discussed in this notice in order to participate in this proposed settlement.

1.   **Why Should You Read this Notice?**

     Your rights may be affected by the Settlement in *Rogers, et al. v. Lumina Solar, Inc.* (Case No. 1:18-cv-02128), pending in the Court (the "Litigation"). Plaintiff Darrell Rogers has agreed to settle and release all claims against Lumina Solar, Inc. (the "Defendant") in the Litigation in exchange for the Defendant's agreement to make settlement payments to members of the Settlement Class who submit a valid and timely proof of claim (attached) according to the instructions provided below.

     You may be a member of the Settlement Class and could therefore be entitled to receive the benefits of the Settlement. As a member of the Settlement Class, however, you would also be bound by the release and other provisions of the Settlement if it is approved by the Court. You may elect to opt out of the Settlement Class and the Settlement, as explained below, if you comply with the procedures described in this Notice. You also have a right to object to the Settlement or portions thereof, but only if you comply with the procedures described in this Notice.

2.   **What is the Litigation about?**

     Plaintiff filed this lawsuit against Defendant, alleging it violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the FCC regulations promulgated under the TCPA by sending text message advertisements without first obtaining express written consent. The Representative Plaintiff asserts that the Defendant is liable for statutory damages in connection with its sending of text advertisements. Defendant denies all allegations of wrongdoing and liability in connection with the Litigation and has raised certain defenses. No determination has been made on the merits of the claims against the Defendant. This Notice does not imply that there has been or would be any finding of violation of the law or that recovery could be had in any amount if Litigation were not settled.

     The Plaintiff and Defendant have agreed, and the Court has preliminarily ordered that, for settlement purposes only, the Litigation may be maintained as a class action under Federal Rule of Civil Procedure 23, subject to final approval at the conclusion of the settlement process. If the Settlement is not finally

EXHIBIT 1-B

approved, the Litigation will return to the same status as before the Settlement was signed, and the Court will later determine if the case may proceed as a class action.

**3.   How Do You Know If You Are a Part of the Settlement?**

The Settlement Class includes all natural persons and entities in the United States who:

(i)     were sent a text message by or on behalf of Defendant;

(ii)    between July 2, 2018, and September 20, 2018;

(iii)   that advertised Defendant's goods or services.

You are receiving this Notice because it is believed that you meet the above criteria and may be a member of the Settlement Class. There are approximately 2,488 persons in the Settlement Class.

**4.   What Are the Benefits of the Settlement and What Is the Release?**

A $248,800 settlement fund will be created. If the Court grants final approval of the settlement, this fund will be used to pay class administration costs, attorneys' fees, and an incentive award to the named Plaintiff.

Each member of the Settlement Class who submits a valid, timely Claim Form will be sent a check for the lesser of $100.00 or his or her portion of the settlement fund, after payments are made to the Class Counsel, the Settlement Class, the Representative Plaintiff, and the claims administrator, within the timeframe provided for in the Settlement. Any monies from checks that remain uncashed 91 days after issuance will be returned to the Defendant.

In exchange for the consideration provided by the Defendant, if the Settlement is finally approved by the Court, the Litigation will be dismissed with prejudice as to the Defendant. The Defendant will receive a full release and discharge of liability from the Settlement Class Representative and from the Settlement Class. The Settlement Class would not include individuals and entities who elect to opt out of the Settlement as discussed below.

More details are in the Settlement Agreement which can be viewed at www.class-settlement.com.

**5.   What Are Your Options?**

If you are a member of the Settlement Class, you can file a claim, do nothing, or exclude yourself from the Settlement Class, or object to the Settlement. Each choice has certain consequences.  You can discuss your choice with Class Counsel or your own attorney.

**A.  Submit a Proof of Claim.**

The Settlement contemplates a payment to each member of the Settlement Class that submits a timely and valid Claim Form to the Settlement Administrator via the settlement website, by fax, or by U.S. Mail at the address identified on the last page of this notice.

In order to be entitled to receive any payment from the Settlement, you must submit a completed and executed Claim Form to the Settlement Administrator, by mail with a postmark within sixty (60) days or no later than _____, or by fax, or online at www.class-settlement.com.

**B.  Do nothing.**

If you do nothing, you will remain a member of the Settlement Class. You will lose your right to file your own separate lawsuit against Defendant about its alleged advertising texts. You will receive no payment in connection with the Settlement.

**C.  Opt out of the Settlement Class**

You have the right to exclude yourself from the class action by filing a written request for exclusion with the Settlement Administrator at the address identified on the final page of this notice.

If you exclude yourself from the Class, you will retain any claims you might have against Defendant,

you will not be bound by any judgment or disposition of this case, and you will not share in any recovery, if any, awarded by the Court or provided in a settlement agreement. Your request for exclusion must be filed on or before _____ and it must contain (1) the name of this Litigation, (2) your name, address, and phone number and (3) a statement that you wish to be excluded (for example, "Exclude me from the *Rogers, et al. v. Lumina Solar, Inc. settlement*."). You must also serve copies of the request for exclusion on the attorneys for the Class and the Defendant at the addresses identified on the final page of this notice, postmarked by the same date.

**D.  Object to the Settlement**

The Court has scheduled a hearing to consider the fairness, reasonableness, and adequacy of the Settlement, to be held on _____, Judge Rosemary M. Collyer presiding (the "Fairness Hearing").

You have a right to appear at the Fairness Hearing and the right to object to the Settlement. Anyone who objects to the Settlement, in whole or in part, may appear and present such objections. In order to be permitted to do so, however, you must, on or before _____: (i) file with the Court a notice of your intention to appear, together with a written statement setting forth the factual and legal basis for your objections, if any, to the matter to be considered and the basis for those objections, together with any documentation that you intend to rely upon at the Fairness Hearing and a list of all witnesses, if any, you intend to call to support your objection; and (ii) simultaneously serve copies of all such materials by hand delivery or First-Class Mail, postage pre-paid, upon the attorneys of the Class and Defendants at the addresses identified on the final page of this notice.

If you do not comply with the foregoing procedure and deadlines for submitting written objections and/or appearing at the Fairness Hearing, you may lose substantial legal rights, including but not limited to, the right to appear at the Fairness Hearing and the right to contest approval of the Settlement or any component of the Settlement. If the Court does not approve the Settlement, the Settlement will be null and void and you will not recover under the Settlement.

**6.   What Fees Will Be Paid to the Attorneys and What Is the Participation Award for the Plaintiff?**

At the Fairness Hearing, counsel for the Settlement Class will apply to be awarded an amount equal to sixteen percent (16%) of the Settlement Fund ($39,808.00), inclusive of attorneys' fees and reasonable out-of-pocket expenses. The Representative Plaintiff intends to seek an incentive award from the Court in the amount of $5,000 for his services as Settlement Class Representative.

**7.   How Do You Learn More about this Litigation?**

If you have any questions regarding this Notice, the Settlement, or the Litigation generally, you can obtain additional information from the proposed counsel for the Settlement Class or the Settlement Administrator. Additionally, you can visit the office or the website of the Clerk of the Circuit Court of U.S. District Court for the District of Columbia. However, **please do not contact the Judge, the Judge's staff, or the Clerk of the Court with any questions because they cannot answer your questions or give you advice about the Litigation**.

| *Settlement Administrator's Address* | *Class Counsel's Address* | *Defendants' Counsel's Address* |
|---|---|---|
| **Class-settlement.com** | **Peter Bennett** | **Martin Bryce** |
| Attn: Lumina Settlement | Bennett & Bennett | Ballard Spahr, LLP |
| PO Box 9009 | 1200 Anastasia Avenue | 1735 Market Street, 51st Floor |
| Hicksville, NY 11802-9009 | Office 360 | Philadelphia, PA 19103-7599 |
| [toll-free number] | Coral Gables, FL 33134 | |

**BY ORDER OF THE COURT**

3

**PROOF OF CLAIM**

# *12172115C*

12172115

***Rogers, et al. v. Lumina Solar, Inc.***
**Case No. 1:18-cv-02128**

*In order to make a claim under the settlement you must fill in the following, sign, and send to the Settlement Administrator by one of the methods stated below:*

1. **You Must Provide Your Contact Information to Receive a Settlement Check by mail:**

   Name of person signing form: _____

   Company (if applicable):   <merge company> _____

   Street Address: _____

   City/State/Zip Code: _____

   Contact Telephone Number:  <merge telephone> _____

   Email address: _____

2. **You Must Verify Ownership of the Phone Number(s) Listed in No. 1.**

   "I or my company was the subscriber for the telephone number <merge phone>, at any time between July 2, 2018, and September 20, 2018;

   I or my company received one or more text messages at the aforementioned telephone number between July 2, 2018 and September 20, 2018 which offered information on home solar energy;

   I personally reviewed or have knowledge of said text message or messages; and

   I make these statements under penalty of perjury."

   **X**_____
   Authorized Signature

   Sign above line and print name here: _____

3. **You Must Return this Claim Form to the Settlement Administrator by _____:**

   Mail this Claim Form to:      Class-Settlement.com
                                 Attn: Lumina Settlement
                                 PO Box 9009
                                 Hicksville, NY 11802-9009

   ***OR***

   (b)   Fax this Claim Form to:  (888) 888-8888

   ***OR***

   (c)   Submit this form electronically at **www.class-settlement.com**

**Username:  12345678**          **Password:  hotdogbun**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARRELL ROGERS, individually,
and on behalf of all others similarly situated,

     Plaintiff,

vs.                                        Case No. 1:18-cv-02128

LUMINA SOLAR, INC.

     Defendant.

_____/

**FINAL APPROVAL ORDER**

This matter coming before the Court on the Parties' Joint Motion for Final Approval of the Class Action Settlement, due notice given, the Parties appearing through counsel, and the Court fully advised in the premises, IT IS HEREBY ORDERED:

1.     This Court has jurisdiction over plaintiff, Darrell Rogers ("Plaintiff"), defendant, Lumina Solar, Inc. ("Defendant"), each of their counsel, the members of the Settlement Class, and the claims asserted in this lawsuit.

2.     Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), the settlement of this action, as embodied in the terms of the Settlement Agreement, Dkt. [INSERT], is hereby finally approved as a fair, reasonable, and adequate settlement of this case, and in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations presented in this case.

3.     The "Settlement Class" is defined as follows:

All persons who were sent one or more Lumina Solar Text Message Advertisements.

---

EXHIBIT 1-C

The Parties have expressly agreed to this Settlement Class definition for settlement purposes.[1]

4.     The Court finds that the Class Notice that was given to members of the Settlement Class in this action was the best notice practicable under the circumstances, was reasonably calculated to apprise Settlement Class members of the pendency of this action and their right to object or to exclude themselves from the settlement class, and satisfied the requirements of due process and Federal Rule of Civil Procedure 23.

5.     The Court finds that notice was given by Defendant to the U. S. Attorney General and the Attorney General of District of Columbia, in accordance with the Class Action Fairness Act 28 U.S.C. § 1715.

6.     ___ objections was/were received and ___ parties appeared in Court at the fairness hearing to object to the settlement.  All objections are overruled.

7.     ___ persons validly opted out of the Settlement Class and the Settlement.

8.     The Court finds that the Settlement is fair, adequate, and reasonable, after due consideration of the uncertainty of the class's success on the merits of the claims; the range of their possible recovery; the complexity, expense and duration of the litigation; the lack of opposition to the settlement; the state of proceedings at which the settlement was achieved; the written submissions, affidavits, and arguments of counsel; the notice; and the hearing.  This Court also finds that the financial terms of the Settlement fall within the range of settlement terms that would be considered fair, adequate and reasonable.  Accordingly, the Settlement Agreement should be and is approved and shall govern all issues regarding the settlement and all rights of the Parties, including all

---

[1]   "Lumina Solar Text Message Advertisements" is defined by the Parties in the Settlement Agreement.

members of the Settlement Class. Each member of the Settlement Class, including any person or entity claiming by or through him, her, or it, but except for those who have previously excluded themselves in accordance with the terms of the Settlement Agreement, shall be bound by the Settlement Agreement, including being subject to the release set forth in said Settlement Agreement.

9.     Defendant has agreed to make available (or cause its insurers to make available), a total of two hundred and forty-eight thousand, eight hundred dollars ($248,800.00) (the "Settlement Fund") to settle this Litigation and all claims asserted herein, with the Settlement Fund being used to pay members of the Settlement Class, who timely submit valid and approved claims as further defined herein, to pay fees and reasonable costs to Plaintiff's counsel, to pay an incentive award to Darrell Rogers as Class Representative, and to pay the costs of notifying the Settlement Class and administering the settlement through a third-party claims administrator.

10.     As the parties agreed in the Settlement Agreement, each member of the Settlement Class who submitted a timely and valid Claim Form shall be paid up to $100.00.

11.     Pursuant to the parties' agreement, the Court approves Class Counsel's attorneys' fees in the total amount of $39,808.00 inclusive of out of pocket litigation expenses. The Count finds the amount of Class Counsel's attorneys' fees to be reasonable under the circumstances of this case. This amount shall be paid exclusively from the Settlement Fund pursuant to the parties' agreement.

12.     Pursuant to the parties' agreement, the Court approves a $5,000.00 incentive award to Plaintiff for serving as the Class Representative.   This

amount shall be paid exclusively from the Settlement Fund pursuant to the parties' agreement.

13.     The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here.  The Parties to the Settlement Agreement shall carry out their respective obligations as agreed upon in the Settlement Agreement.

14.     This action, including all claims against Defendant asserted in this lawsuit, or which could have been asserted in this lawsuit, by or on behalf of Plaintiff and all Settlement Class members against Defendant, is hereby dismissed with prejudice and without taxable costs to any Party.

15.     All claims or causes of action of any kind by any Settlement Class member or anyone claiming by or through him, her, or it brought in this Court or any other forum (other than persons who have properly opted out of the Settlement) are barred pursuant to the releases set forth in the Settlement Agreement.  All persons and entities are enjoined from instituting, either directly or indirectly, any action against Defendant in this Court or in any other court or forum, asserting any claims that are being settled or released herein.

16.     The Court retains continuing jurisdiction over this action, Plaintiff and all members of the Settlement Class, and Defendant, to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement. The Court further retains jurisdiction to enforce this Order.

17.     The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.


**IT IS SO ORDERED**



Dated: _____            _____
                                           Judge Rosemary M. Collyer