UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARRELL ROGERS, individually,
and on behalf of all others similarly situated,

    Plaintiff,

vs.                                            Case No. 1:18-cv-02128

LUMINA SOLAR, INC.

    Defendant.
_____/

## JOINT MOTION FOR FINAL APPROVAL OF
## CLASS ACTION SETTLEMENT

**and incorporated**

## MEMORANDUM OF LAW

Plaintiff, Darrell Rogers, individually and on behalf of the Settlement Class defined herein (hereinafter "Plaintiffs"), and Defendant, Lumina Solar, Inc. (hereinafter "Defendant") (collectively the "Parties"), hereby jointly move the Court to enter a Final Judgment: (1) granting final approval and entry of the Settlement Agreement (D.E. 16-1) that has been preliminarily approved by the Court; (2) certifying the Settlement Class as defined herein; and (3) dismissing the litigation.[1]

    1.      This Court has jurisdiction over the Parties, each of their counsel, the members of the Settlement Class, and the claims asserted in this lawsuit pursuant to pursuant to 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

---

[1] A proposed final order approving settlement, in the form approved by the Court in its Order Preliminarily Approving Settlement, Certifying Settlement Class, and Authorizing Notice to the Settlement Class ("Preliminary Approval Order") (D.E. 17), is attached for the Court's convenience and consideration as Exhibit 1.

2. Rule 23(e), Federal Rules of Civil Procedure, requires judicial approval for any compromise of claims brought on a class basis. Before certifying a class for the purposes of settlement, this Court must find that the Parties have established the criteria set out in Rule 23(a), and at least one of the subsections of Rule 23(b). The Court conditionally certified the Settlement Class in its Preliminary Approval Order on September 11, 2019.[2]

3. As laid out fully in the Parties' Joint Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Motion"), the Parties' Settlement Agreement was reached only after substantial litigation, discovery, and arms-length negotiations between experienced counsel. *See* D.E. 16 at pp. 8-13. Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), the Parties therefore submit that the settlement of this action, as embodied in the terms of the Settlement Agreement, should be finally approved as a fair, reasonable, and adequate settlement of this case, and in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations presented in this case.

## SUMMARY OF SETTLEMENT AND NOTICE

4. The Parties have expressly agreed to, and the Court has conditionally approved, the following Settlement Class definition which should be finally approved:

> All persons who were sent one or more Lumina Solar Text Message Advertisements.
>
> Excluded from the Settlement Class are Defendant, any parent, subsidiary, affiliate or

---

[2] *See* Preliminary Approval Order, D.E. 17 at ¶ 3 ("The Court finds that this conditional class certification is appropriate because: (a) the Settlement Class is so numerous that joinder of all members is impractical; (b) there are common questions of law and fact that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff and its counsel will fairly and adequately protect the interests of the Settlement Class; and (e) a class action is the superior method for resolving this controversy, given the nature and small size of the class members' individual claims and their lack of interest in individually controlling the prosecution of separate actions, and that resolution on a class wide basis will promoted judicial economy and efficiency.").

controlled person of Defendant, as well as the officers, directors, agents, servants or employees of Defendant and the immediate family members of such persons, the named counsel in this litigation, and any member of their office and/or firm. The identities of these Settlement Class members have been successfully identified by Blue Dolphin Media, Inc., who successfully sent the text messages on the Defendant's behalf to 2,488 telephone numbers. The identities of the Settlement Class members were provided to the Settlement Administrator, for purposes of class administration only.

5. Pursuant to this Court's Preliminary Approval Order, Class Notice was sent by the Settlement Administrator to all potential members of the Settlement Class. *See* Merryman Declaration, Exhibit 2 at ¶ 4. The Class Notice provided the Settlement Class Members with a Proof of Claim form, summary of the settlement terms, and information on the procedure to file a claim, object to the settlement, or to opt out of the Settlement Class. *Id*. at ¶ 5. The Notice identified the Settlement Administrator and provided a toll-free telephone number so that the Settlement Class members could ask questions. *Id*. The Settlement Administrator also maintained a dedicated, encryption-protected website through which Settlement Class members could submit claims, and that posted the Class Notice, Claim Form, and Settlement Agreement, excluding exhibits, as well as the dates and deadlines to submit Claim Forms and to opt out or object to the settlement, the date of the Final Approval Hearing, and contact information for the Class Administrator and Class Counsel. *See Id.* at ¶ 16.

6. The Class Notice ordered by the Court (D.E. 17) was the best notice practicable under the circumstances, was reasonably calculated to apprise Settlement Class members of the pendency of this action and their right to object or to exclude themselves from the settlement class, and satisfied the requirements of due process and Federal Rule of Civil Procedure 23.

7.  Defendant further provided notice to the U. S. Attorney General and the Attorney General of District of Columbia, in accordance with the Class Action Fairness Act 28 U.S.C. § 1715.

8.  Pursuant to the Settlement Agreement, Defendant agreed to make available a total of two hundred and forty-eight thousand, eight hundred dollars ($248,800.00) (the "Settlement Fund") to settle this Litigation and all claims asserted herein, with the Settlement Fund being used to pay members of the Settlement Class who timely submitted valid and approved claims, to pay fees and reasonable costs to Plaintiff's counsel, to pay an incentive award to Darrell Rogers as Class Representative, and to pay the costs of notifying the Settlement Class and administering the settlement through a third-party claims administrator.  Each member of the Settlement Class who submitted a timely and valid Claim Form would be paid up to $100.00.

9.  Pursuant to the Settlement Agreement, the Parties agreed that the Plaintiff will be awarded $5,000.00 from the Settlement Fund as compensation for his role as Class Representative, and that Class Counsel will be awarded attorneys' fees equal to 16% of the Settlement Fund ($39,808.00), inclusive of out of pocket litigation expenses.  The Parties believe the amount of fees to be reasonable under the circumstances of this case.  The Parties agree that this sum shall be paid exclusively from the Settlement Fund pursuant to the Settlement Agreement and as disclosed in the notice sent to the Settlement Class members.

## FINAL COURT APPROVAL

10.  A trial court has a duty under Fed. R. Civ. P. 23(e) to make sure that a proposed settlement is "fair, adequate, and reasonable and not the product of collusion between the parties." *In re Vitamins Antitrust Class Actions*, 215 F.3d 26, 30 (D.C. Cir. 2000) (citations omitted). *Cf. United States ex rel. Schweizer v. Océ North Am., Inc.* 2013 WL 3776260, *8

(D.D.C. July 19, 2013). Courts look to a number of factors in this analysis, including: "(1) whether the settlement is the result of arm's-length negotiations; (2) the terms of the settlement in relation to the strength of Plaintiffs' case; (3) the stage of the litigation proceedings at the time of settlement; (4) the reaction of the class; and (5) the opinion of experienced counsel." *Hubbard v. Donahoe*, 2013 WL 3943495, *2 (D.D.C. July 31, 2013) (quoting *Vista Healthplan v. Warner Holdings Co. III* (246 F.R.D. 349, 360)); *Schweizer, supra*, at *8 (same) (quoting *In re LivingSocial Mktg. & Sales Practice Litig.*, 2013 WL 1181489, *7 (D.D.C. Mar. 22, 2013)).

11.     As discussed fully in the Parties' Joint Motion for Preliminary Approval of Class Action Settlement, a review of these factors clearly demonstrates that the Parties' Settlement Agreement is fair, reasonable, adequate, and should be finally approved. *See* D.E. 16 at pp. 6-13. The Settlement Agreement was executed only after several months of extensive negotiations among experienced counsel, all of whom have devoted considerable time and effort to this litigation and settlement. *Id*. at pp. 8-9. As a result of these efforts, the Parties have concluded that the Settlement Agreement is in the best interest of their respective clients and the Settlement Class as a whole, and strikes a reasonable balance between the benefits the Settlement Class members will receive, the fact that Defendant will vigorously oppose the claims asserted in the litigation if the final approval is not granted, and the attendant risk, costs, uncertainties, and delays of litigation. *Id*. at pp. 9-10.

12.     After detailed notices were sent to Settlement Class members as described herein, the Settlement Administrator received **zero** objections and **zero** requests for exclusion.

13.     Each member of the Settlement Class who submitted a valid and timely claim will receive the maximum recovery of $100. As laid out more fully in the Parties' Preliminary Approval Motion, this exceeds or equals amounts approved by courts in analogous TCPA cases,

and should be similarly approved here. *See* D.E. 16 at pp. 11-12 (citing *Wojcik v. Buffalo Bills, Inc.*, Case No. 8:12-cv-2414-T-23TBM (M.D. Fla. Aug. 25, 2014); *Marvin Bondhus, MD v. Henry Schein, Inc.*, Case No. 14-22982-cv-Torres (S.D. Fla. May 18, 2016); *Knutson v. Schwan's Home Serv.*, 2014 U.S. Dist. LEXIS 99637 (S.D. Cal. 2014)); *See also Mahoney v. TT of Pine Ridge, Inc.*, Case No. 17-80029-CIV, 2017 U.S. Dist. 13 LEXIS 217470, at *18 (S.D. Fla. Nov. 17, 2017) (giving final approval to TCPA settlement where class members had the option to choose between a $4.00 cash award or a $15.00 voucher"); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483 (N.D. Ill. 2015) (finally approving TCPA settlement where the individual settlement award was approximately $30.00); *Amadeck v. Capital One Fin. Corp. (In re Capital One Tel. Consumer Prot. Act Litig.)*, 80 F. Supp. 3d 781, 787 (N.D. Ill. 2015) (awarding $34.60 per claiming class member); *Jiffy Lube International, Inc. Text Spam Litigation*, 11-MD-02261-JM-JMA (finally approving TCPA class settlement where class members received a single voucher for an oil change, valued at $20.00).

14.   As such, the Parties submit that the Settlement is fair, adequate, and reasonable, after the Parties consideration of the uncertainty of the class's success on the merits of the claims; the range of their possible recovery; the complexity, expense and duration of the litigation; the lack of opposition to the settlement; the state of proceedings at which the settlement was achieved; the written submissions, affidavits, and arguments of counsel; and the notice and reaction of the class. The Parties believe that the incentive award and attorneys' fees fall within the range of that could be considered fair, adequate and reasonable.[3] Accordingly, the

---

[3] As fully laid out in the Parties' Preliminary Approval Motion, the incentive award payable to the Class Representative ($5,000) is below the standard typically awarded by courts in analogous class action and TCPA cases. *See* D.E. 16 at p. 12 n.2 (citing *Benzion v. Vivint, Inc.*, No. 12-cv-61826-WJZ, 2015 U.S. Dist. LEXIS 179532 (S.D. Fla. Feb. 23, 2015)*; Goans Acquisition, Inc. v. Hard Wok Cafes, Inc. d/b/a Wok & Roll*, No. 0931-cv-17797 (Mo. Cir. Aug. 1, 2013); *Gutierrez,*

Settlement Agreement should be approved and should govern all issues regarding the settlement and all rights of the Parties, including all members of the Settlement Class.  Each member of the Settlement Class should be bound by the Settlement Agreement, including the release set forth therein.

## CONCLUSION

15. The Parties request that the Court enter a Final Judgment adopting and incorporating all of the terms of the Settlement Agreement by reference.  The Parties to the Settlement Agreement affirm that they will carry out their respective obligations as agreed upon in the Settlement Agreement.

16. The Parties request that the Court enter a Final Judgment providing that this action, including all claims against Defendant asserted in this lawsuit, or which could have been asserted in this lawsuit, by or on behalf of Plaintiff and all Settlement Class members against Defendant, be dismissed with prejudice and without taxable costs to any Party.

17. The Parties request that the Court enter a Final Judgment providing that all claims or causes of action of any kind by any Settlement Class member or anyone claiming by or through him, her, or it brought in this Court or any other forum be barred pursuant to the releases set forth in the Settlement Agreement.  The Parties further request that all persons and entities be enjoined from instituting, either directly or indirectly, any action against Defendant in this Court or in any other court or forum, asserting any claims that are being settled or released herein.

---

*et al. v. Barclay's Group, et al.*, 2012 U.S. Dist. LEXIS 190049 (S.D. Cal. Mar, 12, 2012). Similarly, the amount payable to Class Counsel as reimbursement for its fees and costs - sixteen percent (16%) of the Settlement Fund - is on the low end of the standard in similar class settlements.  *See Id.* (citing *Little v. Wash. Metro. Area Transit Auth.*, Case No. 14-1289 (RMC), 313 F. Supp. 3d 27, 34-35 (D.D.C. 2018); *Goans Acquisition, Inc.,* Case No. 0931-cv-17797; *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261 (D.C. Cir. 1993); *In re Dep't of Veterans Affairs (VA) Data Theft Litig.*, 653 F. Supp. 2d 58 (D.D.C. 2009).

18.     The Parties request that the Court enter a Final Judgment retaining continuing jurisdiction over this action, Plaintiff and all members of the Settlement Class, and Defendant, to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement.

WHEREFORE, for all of the foregoing reasons, the Parties jointly request the Court's entry of a Final Judgment and Order:

(1) granting final approval of the proposed terms as set forth in the Settlement Agreement;

(2) certifying the Settlement Class and Settlement Class Counsel pursuant to Rule 23(a) and (b)(3), Federal Rules of Civil Procedure;

(3) approving the Settlement Class Counsel and Settlement Class Representative awards as set forth in the Settlement Agreement;

(4) ordering the Settlement Administrator to distribute settlement checks equal to $100 (the maximum amount afforded under the Settlement Agreement) to those Class Members who submitted timely, valid claims;

(4) dismissing the action and retaining continuing jurisdiction to determine all matters pertaining to the Final Judgment and Order; and

(5) providing such other and further relief as the Court deems just and reasonable.

Respectfully submitted:

s/ *Shawn A. Heller*
Shawn A. Heller, Esq.
D.C. Bar No. 985899
shawn@sjlawcollective.com
Social Justice Law Collective, PL
974 Howard Avenue

Dunedin, FL 34698
Tel: (202) 709-5744

Peter Bennett, Esq.
D.C. Bar No. 1016919
peterbennettlaw@gmail.com
1200 Anastasia Ave., Ofc 360
Coral Gables, Florida 33134
Telephone: (305) 444-5925

*Settlement Class Counsel*

/s/ *Martin Bryce*
Martin Bryce, Esq.
Admitted *Pro Hac Vice*
Pennsylvania Bar No. 59409
bryce@ballardspahr.com
Ballard Spahr, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599

*Attorneys for Defendant Lumina Solar, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, on this 16th day of January, 2020, which will send a notice of electronic filing to all attorneys of record.

By: *s/ Shawn A. Heller*
 Shawn A. Heller